UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMBERIA MORTON                                                                              PLAINTIFF

V.                                          CIVIL ACTION NO. 3:20-CV-734-DPJ-FKB

INTERNAL REVENUE SERVICE                                          DEFENDANT

ORDER

On July 30, 2021, this Court dismissed Plaintiff Amberia Morton's complaint against Defendant Internal Revenue Service for a failure to exhaust administrative remedies. Order [47]. On August 3, 2021, Morton filed the first of several motions for a "Trial/Fair Hearing" [48]. *See also* Pl.'s Mots. [50, 51, 52, 53, 54]. The Court, finding these filings ambiguous, allowed Morton an opportunity to demonstrate that she had, in fact, exhausted those remedies. Order [57]. Morton responded to that Order [59-1] and submitted a variety of other filings [58–59, 61, 63–71], which the Court considers here.

I.        Procedural Posture

Morton's complaint against the IRS alleged that the agency improperly withheld "refunds from previous years." Compl. [1] at 4; *see also* Pl.'s Mot. [50] at 4. But a taxpayer may only bring a tax-refund action after exhausting administrative remedies. *United States v. Williams*, 514 U.S. 527, 533 (1995) (citing 26 U.S.C. § 7422). Specifically, unless a prospective-plaintiff taxpayer has *first* filed a claim with the Secretary of Treasury (in accordance with the law and regulations pertaining thereto), this Court lacks jurisdiction to hear the claim. *BNSF Ry. v. United States*, 775 F.3d 743, 757 (5th Cir. 2015) (quoting 26 C.F.R. § 301.6402-2). For an income-tax-refund claim, "an original or amended tax return reporting an overpayment functions

as a claim for refund sufficient to satisfy the jurisdictional prerequisite." *Hale v. United States*, 143 Fed. Cl. 180, 188–89 (2019).

Because Morton alleged no facts suggesting that she had satisfied this requirement, let alone facts giving rise to a "reasonable inference" that the requisite prior claim had been filed, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), this Court dismissed her claim on July 30, 2021. Order [47] at 2. Four days later, on August 5, 2021, Morton filed a motion for "a Trial/Fair Hearing" [48], which the Court construed as a motion to alter or amend the judgment. She then filed five additional motions [50–54] between August 5 and 17. Motions to alter or amend filed within 28 days of the judgment—like these—fall under Federal Rule of Civil Procedure 59(e). *Robin v. United States*, 233 F. App'x 350, 352 (5th Cir. 2007) (per curiam).

Despite Morton's many submissions, the basis for altering the judgment remained unclear. So, out of an abundance of caution, the Court took the motions to alter or amend under advisement, allowing Morton 14 days to "provide evidence that she filed an original or amended tax return reporting the overpayments she alleges." Order [57] at 3. Morton responded to that Order, *see* Pl.'s Mot. [59-1], and she also filed 11 additional motions [58, 61, 63, 64, 67, 68, 70, 71, 72, 73, 74] and three other documents [65, 66, 69], all of which were filed more than 28 days after judgment. Those submissions fall under Rule 60(b). *See Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) ("We see no reason an improperly successive Rule 59(e) motion could not . . . be transformed into a Rule 60(b) motion."). This Order addresses both the Rule 59(e) motions and the Rule 60(b) motions.

II.     Rule 59(e) Motion

   A.     Standard

"Granting [a Rule 59(e)] motion is appropriate (1) to correct a manifest error of law or fact, (2) where the movant presents newly discovered evidence that was previously unavailable, or (3) where there has been an intervening change in the controlling law." *Jennings v. Watson*, No. 19-11028, 2021 WL 3754753, at *6 (5th Cir. 2021) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). The burden is on the movant to clearly establish a manifest error of law or fact or present newly discovered evidence or intervening caselaw. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "Reconsideration of a judgment after its entry is an extraordinary remedy and should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

   B.     Analysis

The Court directed Morton to provide evidence that she filed returns *reporting overpayments*. Order [57]. In response to that Order, Morton states that "[t]he years I previously filed are listed within this case: 2009, 2016, 2017, 2018, and 2019." Pl.'s Mot. [59-1] at 4. But that is not sufficient. First, she states that "[t]he overpayments didn't begin until [she] looked for transcripts in 2018 to find out why the Internal Revenue Service wasn't in compliance with [her] place of employment." *Id.* But if Morton did not report an overpayment on her original filings, she was required to make an amended filing. Second, she has not claimed that she asserted overpayments in the 2018 or 2019 filings.[1] The only evidence Morton has provided is her own

---

[1] As to the 2019 claim, in reviewing Morton's numerous filings, the Court discovered that Morton has been provided a refund, but it cannot discern whether Morton is claiming an illegal exaction. Pl.'s Mot. [17] at 2–3 (providing an image of a check from the Treasury Department for $377.93 and detailing that "[t]he original amount [owed], told to me by the IRS, is $770.69 as the offset and $392.76 went into collections"). To the extent that Morton is saying that the

3

declaration, and that declaration fails to adequately demonstrate that she properly exhausted her administrative remedies.  Under Rule 59, Morton had the burden to "clearly establish" a manifest error of law or fact.  *Simon*, 891 F.2d at 1159 (quoting *Fed. Deposit Ins. Corp. v. Mayer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).  She has not met that burden.

III.    Rule 60(b) Motions

As noted, Morton also filed 11 additional motions after her first wave of motions to alter or amend.  Those motions fall under Rule 60(b).

   A.    Standard

Rule 60(b) motions, as compared with Rule 59(e) motions, are tasked with meeting "exacting substantive requirements."  *Priester v. JP Morgan Chase Bank*, 927 F.3d 912, 913 (5th Cir. 2019).  "Rule 60(b) motions are directed to the sound discretion of the district court . . . [so long as that discretion is] exercised in light of the balance that is struck between the desideratum of finality and demands of justice."  *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 426 (5th Cir. 2015) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 402 (5th Cir. 1981)).

   B.    Analysis

The only potentially applicable justification for relief under Rule 60(b) is Rule 60(b)(6).  "'Rule 60(b)(6) "is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses."' . . . .  Relief under Rule 60(b)(6) is granted 'only if extraordinary circumstances are present.'"  *Thymes v. Sans Chevaux Invs.*, 790 F. App'x 649, 650 (5th Cir. 2020) (first quoting *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir. 1992); then quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.

---

$392.76 was improperly used to offset another debt, her claim must be against the United States or the agency collecting that debt, not the IRS.  *Hale*, 143 Fed. Cl. at 187 (citing 26 U.S.C. § 6402(g); *Flander v. United States*, 737 F. App'x 530, 532–33 (Fed. Cir. 2018)).

1995)). That inquiry allows the Court to consider a variety of factors, including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process." *Su v. Wilmington Tr., Nat'l Ass'n*, 839 F. App'x 884, 887 (5th Cir. 2021) (quoting *Buck v. Davis*, 137 S. Ct. 759, 778 (2017)).

As this Court has previously acknowledged, Morton's motions and other submissions detail a variety of burdens and frustrations, though not all these tribulations are related to her present claim. *See* Order [57] at 3. Her more recent filings have further stressed these themes. *E.g.*, Pl.'s Mot. [70] at 7–10 (asserting that she has been wrongfully "escorted off . . . private property I consider . . . public"); Pl.'s Mot [71] at 3–4 ("I'm shunned away in denial from work now. . . . . I stated my health issues and was ignored/prolonged until I suffer prosecution due to not having a stable home.").

Despite these concerns, Morton has never corrected the one issue that led the Court to dismiss this suit—she failed to plead a plausible claim that she exhausted her remedies before suing the IRS. Nor has she suggested that the Court's finding regarding that defect was mistaken. To the extent Morton wants the Court to waive the jurisdictional exhaustion requirement to avoid "injustice," that is beyond the Court's equitable powers. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[Courts have] no authority to create equitable exceptions to jurisdictional requirements . . . .").

IV.   Conclusion

Until now, the Court has been more than accommodating of Morton's successive, often non-pertinent filings, including mass-filed motions. *E.g.*, Pl.'s Mot. [67] (listing seven cases in which the motion is to be filed). Morton has been given several bites at the apple in this case. The defect in her Complaint was noted by the United States' motion to dismiss, Def.'s Mot. [14] at 5,

5

the Court's prior Order granting that motion, Order [47] at 2, and the Court's Order considering Morton's Rule 59(e) Motions, Order [57] at 1, 3. Since the Court's Order [47] that closed this case, Morton has submitted 21 filings, not including change-of-address notices. The Court will not consider any further motions for reconsideration. If Morton desires for further review of this case, including this Order, she is entitled to file an appeal.

**THEREFORE, IT IS ORDERED** that the Plaintiff's Rule 59(e) Motions [48, 50–54, 59] are **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Rule 60(b) Motions [58, 61, 63–64, 67–68, 70–74] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 8th day of October, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE