UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

AMBERIA MORTON                                                                                              PLAINTIFF

V.                                                                  CIVIL ACTION NO.: 3:20-CV-734-DPJ-FKB

INTERNAL REVENUE SERVICE                                                                         DEFENDANT

ORDER

On July 30, 2021, this Court dismissed Plaintiff Amberia Morton's Complaint against Defendant Internal Revenue Service. Order [47]. Morton subsequently filed a Motions for a "Trial/Fair Hearing" [48] and several other motions. *See* Mots. [49–54]. The Court, finding those filings ambiguous, allowed Morton a chance to clarify her proposed basis for altering the judgment. Order [57] (assessing Morton's Motions under Federal Rule of Civil Procedure 59(e)). Morton responded [59-1], and she also submitted a variety of other filings [58–59, 61, 63–71]. After reviewing her submissions, the Court concluded that the case had been correctly dismissed and that no basis existed to reopen it. Order [75] at 3–4.

Morton has now filed a "Motion of 'Evidence'" [76] and a Motion to Reassign [77]. Morton's "Motion of 'Evidence'" [76] seems wholly unrelated to her suit against the IRS, and her only reference to tax refunds is incoherent: "Bill Bagget in Magnolia seen truck in Arkansas; filing refunds?" Pl.'s Mot. [76] at 4. Regardless, as this Court indicated in its last Order, this case is closed, and the Court will not entertain any further requests for reconsideration. *See* Order [75] at 5–6.

Turning to Morton's Motion to Reassign [77], the Court construes it as a motion to disqualify under 28 U.S.C. § 455. Under § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might

reasonably be questioned." *See generally Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 924 (2004).

The recusal inquiry is "extremely fact intensive and fact bound," requiring "not [a] comparison to similar situations addressed by prior jurisprudence, but rather . . . an independent examination of the facts and circumstances of the particular claim." *Republic of Panama v. Am. Tobacco Co.*, 217 F.3d 343, 346 (5th Cir. 2000). And contrary to Morton's motion, "[a]dverse judicial rulings alone do not support a claim of bias unless they 'reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" *Amrhein v. United States*, 740 F. App'x 65, 66–67 (5th Cir. 2018) (quoting *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007)). Short of this standard, judicial rulings are "[a]lmost invariably . . . proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Morton offers no facts challenging the Court's impartiality. Instead, she details the burdens she says the Court's rulings have caused her. Pl.'s Mot. [77] 4–8. As relief, she asks for a judge "who is concerned about parties taking away from me [sic]." *Id.* But it is not lack of caring, but, as the prior orders explain, lack of jurisdiction that bars this Court from granting the relief Morton seeks. Recusal is not available just because she disagrees with the Court's rulings. To the extent Morton disagrees with this Court's prior orders—or even this Order—her only avenue for recourse is an appeal. Morton's Motions [76, 77] are denied.

**SO ORDERED AND ADJUDGED** this the 15th day of October, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

2